JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:24-cv-02634-SSS-DTBx | Date | February 26, 2025 |
|---|---|---|---|
| Title | *Maria Teresa Armenta v. U.S. Department of Veteran Affairs, et al.* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:   (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

The Court is in receipt of Plaintiff Maria Teresa Armenta's Response to the Court's Order to Show Cause filed on February 13, 2025. [Dkt. 13]. The Court's prior order Granting Defendants' Motion to Dismiss set an Order to Show Cause ("OSC") requesting Plaintiff to show cause why her claims as to Chevan Bailey and Does 1–100 should not be remanded to the Riverside County Superior Court for lack of subject matter jurisdiction. [Dkt. 11 at 4].

Federal district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). There are two types of subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. The party asserting jurisdiction bears the burden of showing subject matter jurisdiction exists. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Plaintiff's response indicates that the Court lacks subject matter jurisdiction over these claims. [Dkt. 13]. Accordingly, the Court hereby **REMANDS** the case to the Riverside County Superior Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**